IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01807-WDM

RONALD A. LEIKER,

     Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

---

## ORDER ON MOTIONS FOR ATTORNEYS' FEES

---

Miller, J.

     This matter is before me on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Docket No. 41) and Plaintiff's Motion for an Order for Reasonable Attorney Fees Under 42 U.S.C. § 406(b) (Docket No. 48).  Defendant Commissioner of Social Security opposes the motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, but does not oppose the motion for fees pursuant to section 406(b).  After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motions will be granted.

<u>Background</u>

     Plaintiff appealed the denial of his application for disability insurance benefits by Defendant Commissioner of Social Security.  I entered an order on September 26, 2007 (Docket No. 39) reversing and remanding the Commissioner's decision based on my conclusion that the administrative law judge ("ALJ") did not properly evaluate the opinions

of Plaintiff's treating physician and did not review the proper factors in assessing Plaintiff's credibility.  The Commissioner did not appeal my decision and it is therefore final.

Plaintiff seeks a total of $ 5,782.50 in attorneys' fees[1] under the EAJA and $8,312.50 in fees, to be paid from Plaintiff's past due benefits, under 42 U.S.C. § 406(b).

<u>Standard of Review</u>

The EAJA provides that a court may award reasonable attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  28 U.S.C. § 2412(b).  A petition for such fees must be submitted within thirty days of final judgment and must show "that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified."  28 U.S.C. § 2412(d)(1)(B).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  *Id.*  The Commissioner has the burden of proof to show that his position was substantially justified.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  "The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* Thus,

---

[1]Plaintiff requests payment at an hourly rate of $ 150 for 38.55 hours of work. This is consistent with the statutory rate for attorneys' fees under the EAJA, as adjusted by the consumer price index.

the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's "position can be justified even though it is not correct." *Id.* at 566 n. 2. EAJA fees may be awarded where the ALJ's underlying action was unreasonable even if the government thereafter advanced a reasonable litigation position. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

<u>Discussion</u>

1.    <u>EAJA</u>

Plaintiff presents a timely petition under the EAJA. He argues that he is the prevailing party, is eligible for fees under the EAJA, and that the Commissioner's position in this case was not substantially justified. The petition is supported by an itemized listing of hours and tasks from Plaintiff's attorney.

The Commissioner therefore has the burden of demonstrating that his position was substantially justified. Plaintiff applied for benefits on or around November 7, 2003, claiming disabling conditions from a hip replacement and degenerative disc disease. Plaintiff had been seeing his treating physician, Dr. David Parker, since 2000 for various back, neck and shoulder conditions. He also consulted in an orthopedic surgeon who ultimately performed hip surgery on Plaintiff. Plaintiff had an extended history of back problems and had been diagnosed by various physicians with numerous medical conditions in his lower back. Plaintiff was examined by a consulting doctor who opined as to Plaintiff's abilities; this doctor, however, did not have Plaintiff's medical records at the time of the examination. Dr. Parker completed a Medical Assessment of Ability to do Work Related Activities and imposed numerous restrictions, including sitting and standing no more than

two hours a day.

At the administrative hearing, the ALJ found Plaintiff's hip and back conditions to be severe impairments.  The ALJ rejected Plaintiff's testimony of disabling pain as inconsistent with medical evidence and gave little weight to Dr. Parker's opinions.  Among other grounds for rejecting the treating physician's evidence, the ALJ found that Dr. Parker's limitations on Plaintiff's stooping, crouching, or balancing were "an evident exaggeration" unsupported by medical evidence.  The ALJ also rejected Dr. Parker's opinion regarding Plaintiff's ability to sit as being inconsistent with the opinions of Plaintiff's orthopedic surgeon and Plaintiff's temporary work as a bus driver.  The ALJ determined that Plaintiff could do sedentary work with certain restrictions.  Using testimony from a vocational expert, the ALJ then concluded that Plaintiff could perform work that existed in significant numbers in the economy and was therefore not disabled.

Plaintiff appealed the decision to the Appeals Council and provided additional medical evidence, including additional records and opinions from Dr. Parker explaining the basis of Dr. Parker's imposed limitations.  Plaintiff also provided new treatment notes from his orthopedic surgeon, including an opinion from the surgeon regarding restrictions that were similar to those imposed by Dr. Parker.  The Appeals Council denied the request for review.

On appeal to this court, I reversed the Commissioner on the grounds that the ALJ erred in giving Dr. Parker's opinion little weight.  I noted that the alleged inconsistencies between Dr. Parker's opinion and the medical evidence were not, in fact, inconsistent. In addition, I disagreed with the ALJ that the limitations on stooping, crouching, and balancing were an "evident exaggeration" in light of the significant medical evidence showing multiple

4

degenerative and arthritic problems, including back, hip, and knee problems and concurring opinions by other examining physicians. I determined that the ALJ had not considered several of the factors required to be reviewed when giving less weight to a treating physician's evidence. I also found that several of the bases for the ALJ's rejection of Dr. Parker's opinion were undermined by the new evidence presented to the Appeals Council.

I further concluded that the ALJ had erred in finding Plaintiff's testimony regarding his pain to be not credible. The ALJ based this determination on the fact that Plaintiff had continued to look for work and because of an apparent inconsistency between what he reported his orthopedic surgeon had told him with respect to going back to work. I disagreed with the ALJ that looking for work because of financial distress indicated lack of credibility. I noted that the new evidence presented to the Appeals Council from the orthopedic surgeon clarified the issue regarding the orthopedic surgeon's opinion about Plaintiff returning to work. In addition, I concluded that the ALJ had failed to consider several other important factors in evaluating Plaintiff's pain, including efforts at treatment and the nature and duration of the reported pain. Plaintiff raised two additional points of error that I concluded were either not errors or were harmless.

The Commissioner argues that his position was substantially justified because there was evidence that conflicted with Dr. Parker's opinion, making it reasonable, therefore, for the ALJ to give it little weight. As I have noted, however, the alleged inconsistencies were either not inconsistent or were clarified with additional evidence submitted to the Appeals Council. In addition, the ALJ did not properly apply the law regarding evaluation of treating physician opinions. Accordingly, I disagree that this aspect of the Commissioner's position was substantially justified in light of the full record. The Commissioner also contends that

5

the ALJ's determination of Plaintiff's credibility was substantially justified because the ALJ properly considered inconsistencies between Plaintiff's testimony regarding his pain and other evidence. I disagree. There was a significant record of multiple impairments and the alleged inconsistencies in Plaintiff's account of his pain were minor and were thereafter clarified. Accordingly, I conclude that the Commissioner's position was not substantially justified and Plaintiff is entitled to fees under the EAJA.

The Commissioner does not object to the hourly rate sought by Plaintiff's attorney and does not dispute the hours claimed. My review of the time and tasks listed in Plaintiff's attorney's itemized statement of work reveals that the claimed amount is reasonable.

2.    42 U.S.C. § 406(b)

After this case was remanded, the ALJ made a favorable decision and granted Plaintiff an award of retroactive benefits in the amount of $106,865.00. 42 U.S.C. § 406(b) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

Plaintiff entered into a contingent fee agreement with his attorney for representation in the district court, permitting the attorney payment of 25% of past-due benefits awarded if successful. Plaintiff's attorney expended 36.55 hours representing Plaintiff at the district court level and 54.20 hours at the administrative level, for a total of 90.75 hours. Plaintiff's attorney received $5300 as a fee award under 42 U.S.C. § 406(a) for work representing Plaintiff in the administrative proceedings. Plaintiff's attorney requests fees for work in the

6

district court in the amount of $13,612.50 to be paid from past due benefits, less the $5300 already received, for a final amount of $8,312.50.  The amount sought is calculated at the hourly rate of $150/ hour and is significantly less than 25% of Plaintiff's past due benefits award.  Plaintiff's attorney also agrees to refund the lesser amount of the EAJA award and section 406(b) award to Plaintiff, pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

I am satisfied that the requirements of section 406(b) are met here and that the award sought is reasonable.

Accordingly, it is ordered:

1.      Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Docket No. 41) and Plaintiff's Motion for an Order for Reasonable Attorney Fees Under 42 U.S.C. § 406(b) (Docket No. 48) are granted.

2.      Plaintiff's attorney is awarded $ 5,782.50 in attorneys' fees under the EAJA and $8,312.50 in fees, to be paid from Plaintiff's past due benefits, under 42 U.S.C. § 406(b).

DATED at Denver, Colorado, on December 15, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge